IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| FRANCISCO JUDAS GARCIA, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>OFFICER ZIMMERMAN, )<br>OFFICER MOUNTAIN, )<br>OFFICER ZEECK, and )<br>LIEUTENANT SMITH, )<br>)<br>Defendants. ) | No. 16-cv-3012 |

## ORDER REGARDING RECRUITMENT OF
## PRO BONO COUNSEL AND DISCOVERY

BEFORE U.S. MAGISTRATE JUDGE TOM SCHANZLE-HASKINS:

Before the Court is pro se Plaintiff Francisco Garcia's Motion to Request Counsel (d/e 30) and Plaintiff's Motion for Status Regarding Appointment of Counsel and Discovery (d/e 31).

### Background

Pro se Plaintiff Francisco Garcia originally filed his Complaint in this case in the Northern District of Illinois (d/e 1). On January 21, 2016, the case was transferred to the Central District of Illinois (d/e 7). A Merit Review Opinion (d/e 13) was entered by U.S. District Judge Sue Myerscough on February 29,

2016. The Opinion indicated that the Plaintiff's Complaint stated an Eighth Amendment excessive force claim for an incident which the Plaintiff alleged occurred on June 3, 2015, while he was on a transfer bus being transported from Western Illinois Correctional Center to Stateville Correctional Center. The Court added individual Defendants Zimmerman, Mountain, Zeeck, and Smith as named Defendants in the case.

Defendants filed their Answer and Affirmative Defenses (d/e 23) on April 29, 2016. Plaintiff filed a Motion for Attorney Representation (d/e 4) requesting the Court to recruit pro bono counsel to represent him (d/e 4). That motion was denied by the Court's Text Order of May 19, 2016. The Court denied the motion with leave to renew after Plaintiff demonstrated that he had made reasonable efforts to find counsel on his own. Plaintiff renewed his Motion to Request Counsel (d/e 30) on November 18, 2016. Included in that motion was the Plaintiff's representation that he had contacted multiple law firms, but none of the law firms had responded to his requests. Plaintiff also requested that the Court appoint Attorneys Steven M. Mondry and Karen M. Mondry of Maywood, Illinois to represent him in this case.

On January 11, 2017, after determining that Attorney Steven M. Mondry was admitted to practice law in the Central District of Illinois, the Court contacted

Attorney Mondry by telephone to ascertain if he would accept pro bono appointment in this case.   On the same date, the Court transmitted to Attorney Mondry a copy of the docket in this case, a copy of Plaintiff's Complaint, the Merit Review Opinion, the Answer, the Plaintiff's Motion to Request Counsel, and the conditions of pro bono appointment in the Central District of Illinois.

On January 23, 2017, Attorney Mondry contacted the Court and indicated he declined to undertake pro bono representation of Plaintiff.

On January 31, 2017, Plaintiff filed his Motion for Status Regarding Appointment of Counsel and Discovery (d/e 31) in letter form requesting a response to his motion for representation.   In that filing, the Plaintiff also indicated:   "Also I have not receive discovery and would like if possible get discovery of this matter.   Motion for Discovery."   The Court construes this request as a motion to compel discovery.

## Analysis

The Court notes that civil litigants have no constitutional or statutory right to be represented by counsel in federal court. Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir., 1995).   The decision to appoint counsel lies within the broad discretion of the Court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir., 1992). The Court concludes that appointment of counsel is not warranted in this case at

this time. Plaintiff appears to be competent and has the ability to adequately investigate the facts giving rise to his Complaint. Furthermore, the Complaint does not raise complex issues. The Plaintiff appears more than capable of presenting his case. The Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's Motion to Request Counsel (d/e 30) is denied.

With reference to Plaintiff's motion for discovery, the Court notes that a Scheduling Order (d/e 24) entered by the Court on May 3, 2016, directed the Defendants, within 45 days of the entry of the Scheduling Order to provide Plaintiff with the discovery described in paragraphs 6(a), 6(b), 6(c), 6(d), 6(e), and 6(f). (d/e 24, pgs. 4-5) Under paragraph 7 of the Scheduling Order, the Defendants were directed to send an authorization to release medical records to the Plaintiff for his signature. The Plaintiff was directed to sign and return the authorization to Defendants' counsel so that medical records could be provided.

Plaintiff represents he has received no discovery. Plaintiff's motion for discovery is granted. If the Defendants have supplied discovery, Defendants shall report to the Court the discovery supplied and the date upon which it was supplied to the Plaintiff. If discovery has not been provided to the Plaintiff, Defendants are ordered to supply discovery described in the Court's Scheduling

Order (d/e 24) as set forth above, and report to the Court within 14 days of the entry of this Order regarding the transmission of discovery materials to the Plaintiff.

Conclusion

IT IS THEREFOR ORDERED:

A)   Plaintiff Francisco Garcia's Motion to Request Counsel (d/e 30) is DENIED; and,

B)   Plaintiff's Motion for Status Regarding Appointment of Counsel and Discovery (d/e 31) is ALLOWED in part and DENIED in part.   Plaintiff's motion for recruitment of pro bono counsel is denied.   Plaintiff's motion for discovery is granted pursuant to the written terms set forth above.

ENTERED:   February 2, 2017

__s/ Tom Schanzle-Haskins_____<br>
TOM SCHANZLE-HASKINS<br>
UNITED STATES MAGISTRATE JUDGE